1 | Terrance J. Slominski, OSB# 81376
David W. Venables, OSB# 081291
2 | Slominski & Associates
7150 SW Hampton, Suite 201
3 | Tigard OR 97223
Phone: 503-968-2505
4 | FAX: 503-684-7950
Email: tjslominski@yahoo.com

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                         DISTRICT OF OREGON

12 | ELMER L. BURGETT,

13 |                                          No.
             Plaintiff,
14 |                                          COMPLAINT FOR RESCISSION UNDER
          v.                                 THE TRUTH IN LENDING ACT,
15 |                                          VIOLATION OF THE OREGON
     MORTGAGE ELECTRONIC REGISTRATION        MORTGAGE BROKER ACT,
16 | SYSTEMS, INC., a Delaware corporation, CAL-  DECLARATORY RELIEF, AND BREACH
     WESTERN RECONVEYANCE                     OF CONTRACT
17 | CORPORATION, a California corporation,
     CAPITAL SECURITIES MORTGAGE, INC., a
18 | California corporation, and BENCHMARK
     MORTGAGE CORPORATION, INC., a           REQUEST FOR JURY TRIAL
19 | California corporation, and NORTH
     AMERICAN SPECIALTY INSURANCE
20 | CORP, a New Hampshire Corporation,
     AURORA LOAN SERVICES LLC, a Delaware
21 | Limited Liability Company, and
     HOMECOMINGS FINANCIAL, a Delaware
22 | LLC

23 |               Defendants

24 |     Plaintiff for complaint against Defendants alleges as follows:

25 | **1.     INTRODUCTION**

26 |     This case involves the practice known as "PREDATORY LENDING."  Plaintiff

(hereinafter "Burgett") is the owner of a home commonly referred to as 266 East Santiam

Page 1 -     COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
             MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
             CONTRACT

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

1  Street, Jefferson, Oregon and with a legal description set forth in Exhibit A attached hereto.

2  Defendants, Benchmark Mortgage, Inc. (hereinafter "Benchmark"), Capital Securities

3  Mortgage, Inc. (hereinafter "Capital") and First Magnus Financial Corporation (hereinafter

4  Magnus") promised to refinance Burgett's home at an interest rate of Two and One Half

5  percent (2.5%) for the purposes of lowering Burgett's monthly mortgage payments and

6  helping improve Burgett's credit.  Burgett was not given copies of his loan documents prior

7  to closing and instead of the transaction closing at a title company or escrow, he was

8  presented the documents at a restaurant.  The terms of loan in the documents were materially

9  different from those that were promised.

10  **2.      JURISDICTION**

11      Jurisdiction is conferred upon this court by 15 U.S.C. §1640(a) and 28 U.S.C.§§1331

12  and 1367.  Venue in this district is proper under 15 U.S.C. §1640(e).

13      **3.      PARTIES**

14      3.1    Plaintiff is a resident of the State of Oregon who owns a home located in

15  Marion County commonly known as 266 East Santiam Street, Jefferson, Oregon and with a

16  legal description set forth in Exhibit A attached hereto.

17      3.2    On information and belief, Defendant Mortgage Electronic Registration

18  Systems, Inc. (hereinafter "MERS") is a Delaware corporation claiming an interest in

19  Burgett's home as either a nominee or beneficiary.

20      3.3    On information and belief, Defendant Cal-Western Reconveyance Corporation

21  (hereinafter "Cal-Western") is a California corporation claiming an interest in Burgett's home

22  as a Trustee and is, therefore, a necessary  party under Oregon foreclosure law.

23      3.4    On information and belief, Defendant Magnus is a dissolved  Arizona

24  corporation.

25      3.5    On information and belief, Defendant Capital is a California corporation doing

26  business in Oregon as an unregistered loan originator.

Page 2 -      COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
                MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
                CONTRACT

1       3.6    On information and belief, Defendant Benchmark is a California corporation

2 formerly registered in Oregon as mortgage lender.

3       3.7    At all material times alleged herein, Defendant North American Specialty

4 Insurance Corp. is a New Hampshire corporation doing business in Oregon as an Insurance

5 Company and issuer of a Bond to Defendant, Benchmark, Surety NO. SUR2036503.

6       3.8    At all material times alleged herein Barry Higbee was an agent and/or

7 employee of Capital Securities Mortgage, Inc., acting as a mortgage broker or originator in

8 California and Oregon.

9       3.9    At all material times alleged herein, Scott Richards was an agent and/or

10 employee of Benchmark Mortgage Company acting as a mortgage broker and/or loan

11 originator in California and Oregon.

12       3.10    At all material times alleged herein Aurora Loan Services LLC is a Delaware

13 Limited Liability Company doing business in Oregon a mortgage loan servicer.  Aurora

14 claims an interest in the property by way of some assignment or servicing agreement.

15       3.11    At all material times alleged herein Homecomings Financial LLC is a

16 Delaware Limited Liability Company doing business in Oregon a mortgage loan servicer.

17 Homecomings claims an interest in the property by way of some assignment or servicing

18 agreement

19 **4. FACTUAL ALLEGATIONS**

20       4.1.    At all material times alleged herein First Magnus, Capital, Benchmark, Higbee

21 and Richards acted in concert and together in generating and funding a predatory loan to

22 Burgett.

23       4.2.    At all material times to this action, First Magnus regularly extended or offered

24 to extend consumer credit for which a finance charge is or may be imposed or which, by

25 written agreement, is payable in more than four installments, making it a creditor under TILA

26 15 USC §1602(f) and Regulation Z, 12 CFR §226.2(a)(17).

Page 3 -      COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
CONTRACT

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

1      4.3     On or about February 2007,  Defendant Capital, through Higbee , contacted

2     Burgett and offered to help Burgett to refinance Burgett's home and to repair Burgett's

3     credit.  Capital promised Burgett a loan rate of two and one half percent (2.5%) and that

4     through refinancing his property he would have a reduced monthly mortgage payment,

5     thereby freeing up additional funds from his monthly income with which to pay his other bills

6     and that it would make his credit better.  Higbee told Burgett that he was a Christian and that

7     he would work through Christ to take care of Burgett.

8      4.4     At all material times alleged herein, Burgett advised Defendants Capital,

9     Benchmark and Magnus that he was on <u>limited fixed income</u> due to a disability.

10      4.5     On or about March 5, 2007, Burgett was met at restaurant by a notary public

11     hired by the defendants.  The notary presented Burgett documents to sign that were materially

12     different from the loan promised to Burgett.  There were two loans, one of which was for

13     $120,000 with a beginning adjustable interest rate of 7.5% instead of a 2.5% fixed rate as

14     promised and disclosed to Burgett. The loan terms contained a negative amortization whereby

15     if Burgett paid the minimum monthly payment the principal balance of the loan would

16     increase daily and erode Burgett's equity in his home.  If he paid the full amount of interest

17     incurring on the loan, Burgett would spend more than 50% of his net monthly income without

18     consideration for the 2nd mortgage to First Magnus.  The other loan was for $15,000 with a

19     fixed interest rate of 12.375% and a minimum monthly payment of $128.  While at the

20     restaurant, Burgett was given a copy of a new loan application that represented Burgett's

21     income as $4,200 per month rather than Burgett's $1,371 disability income.  While at the

22     restaurant Plaintiff received a telephone call from Barry Higbee of Capital.  When Burgett

23     told Higbee that the loan documents were wrong, Higbee told Burgett that it was a mistake

24     and that Burgett should sign them and that when they were returned the documents would be

25     corrected.

26      4.6     Burgett relied on Magnus, Capital and Benchmark to treat him fairly and

Page 4 -        COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
               MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
               CONTRACT

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

1  to operate within the laws of the state of Oregon and in so doing Burgett executed the two

2  notes and deeds of trust while at the restaurant.

3      4.7    Both Deeds of Trust recite that the Deed of Trust secures to Lender the

4  repayment of the loan and also states that MERS is the Beneficiary solely as nominee of

5  Lender.

6      4.8    The Deeds of Trust also recite that First Magnus is the Lender which under

7  ORS 86.705 makes First Magnus the beneficiary.

8      4.9    MERS has recorded an appointment of Successor Trustee, purportedly signed

9  by an Assistant Secretary of MERS in San Diego California and recorder on April 29, 2009 in

10  the deed records for Marion County, Oregon. The appointment purports to appoint Cal-

11  Western Reconveyance Corporation as Successor Trustee.  On information and belief, the

12  person who signed the appointment was not an officer of MERS or otherwise authorized to

13  sign on its behalf.

14      4.10.  On April 28, 2009, someone on behalf of Cal-Western executed a Notice of

15  Default and Election to Sell which was recorded in the Marion County Deed Records on

16  April 29, 2009. The Notice of Sale and Election to sell purports to nonjudicially foreclose

17  Burgett's home pursuant to the 1st Deed of Trust.

18      4.11    On April 28, 2009, someone on behalf of Cal-Western issued a Notice of Sale

19  to the effect that Cal-Western intended to sell Burgett's home on September 3, 2009 in a

20  Trustee's Sale.  The Notice of Sale was served on Burgett a few days after April 28, 2009.

21      4.12    On information and belief there have been transfers of the beneficial interest in

22  the 1st Deed of Trust that have not been recorded.

23                        FIRST CLAIM FOR RELIEF
                        (Truth in Lending Act-Rescission)

24
        5.1    Plaintiff realleges and incorporates by reference Paragraphs 1-4.12 above.
25
        5.2    Burgett was not given the disclosures required under Regulation Z, 12 CFR
26
§226.17 thereby extending Burgett's right to rescind the loans under TILA, pursuant to 15

Page 5 -    COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
            MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
            CONTRACT

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

1  USC § 1635(a) and 1640(a) entitling Burgett to a (1) return of any money or property given

2  by Plaintiff to anyone in connection with this transaction, including all loan fees and costs

3  paid in connection with the loan and all payments made by Plaintiff.

4       5.3  Burgett timely gave Aurora, Homecomings and First Magnus a Notice of

5  Cancellation and Rescission for both the 1ˢᵗ and 2nd mortgages.

6       5.4  The Defendants, Aurora, Homecomings and First Magnus, have failed and

7  refused to rescind the loan transaction.

8       5.5  Plaintiff is entitled to recover statutory damages and his reasonable attorney

9  fees incurred in bringing this claim.

10  SECOND CLAIM FOR RELIEF

11  (Against Defendants Benchmark Mortgage Corporation, Inc., Capital Securities Mortgage
and  North American Specialty Insurance Corp for violation of ORS § 59.840 et seq)

12

13       6.1  Plaintiff realleges and incorporates by reference Paragraphs 1-4.12 above.

14       6.2  Defendants Benchmark and Capital have transacted business as mortgage

15  bankers or mortgage brokers through the employment of a scheme and by means of an untrue

16  statement of a material fact or an omission to state a material fact necessary in order to make

17  the statements made, in light of the circumstances under which they are made, not misleading,

18  in violation of ORS 59.925(b) and ORS 59.930.

19       6.3  As a result of Defendants' violation of ORS 59.925(b) and 59.930, Plaintiff has

20  suffered financial loss under the terms of the new loan in the form of more than $5,000 in

21  closing costs and fees to Defendants and additional interest due or that shall become due

22  under the terms of the loan.

23       6.4  Plaintiff is entitled to recover his reasonable attorney fees herein pursuant to

24  ORS 59.925(8).

25

26

Page 6 -  COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
CONTRACT

THIRD CLAIM FOR RELIEF

DECLARATORY RELIEF

(Against ALL Defendants)

7.1    Plaintiff realleges Paragraphs 1-4.12 above.

7.2    Plaintiff contends that the scheduled foreclosure sale for September 3, 2009 is invalid and contrary to Oregon law on the following grounds:

1. The mortgage is not a Deed of Trust in compliance with ORS 86.705 - 86.795 and may not be foreclosed by a non-judicial foreclosure because it purports to name MERS as a beneficiary in addition to the lender who was the facial and factual beneficiary under the loan secured by the mortgage.

2. Cal-Western is not entitled to foreclose the Deed of Trust and lacked the authority to record the Notice of Default because its appointment as successor trustee is invalid. It is invalid because:

a.   The party signing for MERS lacked authority to do so;

b.   The Notice of Default and the Notice of Sale were executed prior to the recording of the Appointment of successor trustee;

3. Cal-Western is not entitled to foreclose because the Notice of Default and Election to Sell failed to set forth the true name and address of the beneficiary under the Deed of Trust as required by ORS 86.740 and 86.745.

4.   On information and belief, Cal-Western is  not entitled to foreclose the Deed of Trust because all of the assignments of the beneficial interest in the Deed of Trust were not recorded before the recording of the Notice of Default as required under ORS 86.735.

5. On information and belief Cal-Western is not entitled to foreclose the Deed of Trust because MERS was not the holder of the Note and Deed of Trust at the time that the election to sell the property was recorded.

Page 7 -       COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
               MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
               CONTRACT

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

1    6. Cal-Western is not entitled to foreclose because Burgett has elected to rescind the

2    loan.

3    7.3    On information and belief, Defendants deny Plaintiff's contentions.

4    7.4    A judicable controversy exists and the court should determine the rights of the

5    parties.

6    7.5    Plaintiff lacks an adequate remedy at law and the court should issue a

7    temporary and preliminary injunction against Defendants  and those acting through them from

8    taking any action to interfere with Plaintiff's right of possession of his property.

9                          FOURTH  CLAIM FOR RELIEF

10                          (Breach of Contract)

11                          (Against MERS and Cal-Western)

12    8.1    Plaintiff realleges Paragraphs 1-4.12 above and 7.1-7.5 above.

13    8.2    MERS and Cal-Western have breached their contract with Burgett by

14    attempting to foreclose the property in violation of the Oregon Trust Deed Act.

15    8.3    Plaintiff is entitled to recover his reasonable attorney fees incurred in stopping

16    the foreclosure pursuant to the terms of the Deed of Trust and ORS 20.096.

17                          FIFTH CLAIM FOR RELIEF

18                          (Violation of RESPA 12 USC Section 2605(e))

19    9.1    Plaintiff realleges paragraphs 1-4.12 above and 7.1-7.5 above

20    9.2    On or about December 3, 2008 Plaintiff served a Qualified Written Request to

21    Aurora for information relating to the 1st Mortgage.  Aurora failed to serve a timely and/or a

22    complete response on Plaintiff.

23    9.3    As a result of Aurora's failure to respond, Plaintiff has suffered emotional

24    distress in an amount to be determined at trial. Plaintiff is further entitled to recover $1,000

25    statutory damage and his reasonable attorney fees incurred herein.

26    **Plaintiff demands a jury trial.**

Page 8 -    COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
            MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
            CONTRACT

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

**WHEREFORE, Plaintiff prays for a judgment as follows:**

1.    Declaring that the pending foreclosure of Plaintiff's property is invalid and providing Plaintiff with a temporary and preliminary injunction enjoining Defendants, and each of them, from taking any acts to take possession of Plaintiff's property during the pendency of this action and such other equitable relief that the Court deems necessary;

2.    Declaring that Plaintiff has properly executed his Notice of Cancellation and that he is entitled to his remedy of rescission;

3.    Awarding Plaintiff a judgment against Defendants Benchmark and Capital on Plaintiff's Chapter 59 claim in the amount of to be proven at trial in damages, plus an additional amount in reasonable attorney fees incurred to stop Defendants from taking possession of the property;

4.    Awarding Plaintiff statutory damages against Aurora and Homecomings on Plaintiff's rescission claim.

5.    Awarding Plaintiff statutory damages against Auroa on Plaintiff's RESPA claim together with Plaintiff's attorney fees.

6.    Granting Plaintiff's rescission and relief as allowed under TILA and allowing Plaintiff to offset any damages awarded in this action;

7.    Determining the amount to be tendered by Plaintiff in rescission;

8.    Awarding Plaintiff's costs and attorney fees incurred herein;

9.    Such other equitable relief that may be proper.


Dated this _____day of September, 2009.


_____
Terrance J. Slominski, OSB 81376
Attorney for Plaintiff

Page 9 -    COMPLAINT FOR RESCISSION UNDER TILA, VIOLATION OF THE OREGON
            MORTGAGE BROKER ACT AND DECLARATORY RELIEF AND BREACH OF
            CONTRACT

# EXHIBIT A

BEGINNING AT A IRON PIPE 140.00 FEET NORTH 89° 59' 40" WEST FROM
THE NORTHEAST CORNER OF BLOCK 4, INSTITUTE ADDITION TO THE
CITY OF JEFFERSON, MARION COUNTY, OREGON; THENCE SOUTH 0°
11' 06" WEST 105.10 FEET TO AN IRON PIPE; THENCE SOUTH 89° 59' 40"
EAST 70.19 FEET; THENCE NORTH 0° 05' 33" EAST 105.10 FEET TO THE
NORTH LINE OF SAID BLOCK 4; THENCE NORTH 89° 59' 40" WEST 70.00
FEET TO THE PLACE OF BEGINNING.