IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELMER L. BURGETT, ) | CASE NO. 09-6244-HO |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| vs. ) | |
| ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC. a Delaware corporation, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Elmer Burgett, brings this action alleging "predatory lending" with respect to the refinancing of his home mortgage. Plaintiff alleges Truth in Lending Act (TILA) violations, violation of the Oregon Mortgage Broker Act, breach of contract, and violation of the Real Estate Settlement Procedures Act (RESPA).

Defendants Aurora Loan Services, LLC and Mortgage Electronic

ORDER - page 1

Registration Systems, Inc. (MERS) seek summary judgment as to claims against them.

Plaintiff entered into a loan agreement in or about March of 2007, to refinance his home mortgage. MERS is listed on the Deed of Trust as the beneficiary. Aurora began servicing the Loan in April of 2008. On April 28, 2009, MERS executed an instrument entitled Substitution of Trustee under which defendant Cal-Western Reconveyance Corporation was appointed as trustee under the Deed of Trust. The substitution of Trustee was recorded on April 29, 2009, in Marion County.

On April 28, 2009, Cal-Western Reconveyance executed a note of default and election to sell, and trustee's notice of sale for September 3, 2009 which was also recorded on April 29, 2009.

Plaintiff instituted this action on September 9, 2009. A foreclosure sale has not occurred.

Defendants contend that plaintiff's TILA claims are barred, that there has been no violation of RESPA, and that plaintiff's declaratory relief and breach of contract claims should be dismissed because MERS and Cal-Western Conveyance had the authority to commence and prosecute a nonjudicial foreclosure action.

A. TILA

Plaintiff withdraws his TILA rescission claim and the claim for damages relating to a failure to honor rescission. The claims are dismissed.

B.  RESPA

Plaintiff asserts that defendants failed to properly respond to his written inquires regarding his loan in violation of RESPA. Among other reasons, defendants contend that the RESPA claim fails because the alleged breach resulted in no actual damage to plaintiff.

Failure to comply with RESPA results in liability for "actual damages as a result of the failure ... and any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance ... in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). At oral argument, plaintiff conceded there are no pecuniary damages incurred as result of the alleged violation and that he is only seeking statutory damages. Accordingly, summary judgment is appropriate as the RESPA claim. See Hutchinson v. Delaware Sav. Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J. 2006) ("alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.... See 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); Cortez v. Keystone Bank, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000)(a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)").

C.  Declaratory Relief and Breach of Contract

Plaintiff contends that under the Oregon Trust Deed Act, MERS and Cal-Western may not foreclose on his property because MERS is not a "beneficiary" under the Act.

The deed of trust at issue specifically states:

> "MERS" is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument.

Deed of Trust attached to the Declaration of Chris Zimmerman (#37) as exhibit D at p. 2.

Defendants cite a law review article to explain the practice engaged in with respect to the loan:

> In 1993, the Mortgage Bankers Association, Fannie Mae, Freddie Mac, the Government National Mortgage Association (Ginnie Mae), the Federal Housing Administration, and the Department of Veterans Affairs created MERS. MERS provides 'electronic processing and tracking of [mortgage] ownership and transfers.' Mortgage lenders, banks, insurance companies, and title companies become members of MERS and pay an annual fee. They appoint MERS as their agent to act on all mortgages that they register on the system. A MERS mortgage is recorded with the particular county's office of the recorder with 'Mortgage Electronic Registration System, Inc.' named as the lender's nominee or mortgagee of record' on the mortgage. The MERS member who owns the beneficial interest may assign those beneficial ownership rights or servicing rights to another MERS member. These assignments are not part of the public record, but are tracked electronically on MERS's private records. Mortgagors are notified of transfers of servicing rights, but not of transfers of beneficial ownership.

Gerald Korngold, LEGAL AND POLICY CHOICES IN THE AFTERMATH OF THE SUBPRIME AND MORTGAGE FINANCING CRISIS, 60 S.C. L.Rev. 727, 741-42 (2009). Plaintiff takes issue with this practice and concludes it is not permitted under Oregon trust deed law because it allows assignment

ORDER - page 4

of beneficial interests without recording. Such an argument does not necessarily mean that the arrangement violates the Oregon Trust Deed Act such that foreclosure proceedings could not be initiated by MERS or its substitute trustee.[1]

Under ORS 86.705(1) a "'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790 (1)(d)." Plaintiff contends that MERS cannot meet this definition because there is no evidence that the trust deed was made to benefit MERS. However, the trust deed specifically designates MERS as the beneficiary. Judge Henry C. Breithaupt provides a persuasive discussion related to this issue:

> [T]he interest of MERS, and those for whom it was a nominee, in question here was recorded and known to Plaintiff when it received the litigation guarantee document prior to starting this action.
> The Statutes do not prohibit liens to be recorded in the deed of records of counties under an agreement where an agent will appear as a lienholder for the benefit of the initial lender and subsequent assignees of that lender-even where the assignments of the beneficial interest in the record lien are not recorded. It is clear that such unrecorded assignments of rights are permissible under Oregon's trust deed statute

---

[1] But see, In re Allman, 2010 WL 3366405, at *10 (Bankr. D. Or. Aug. 24, 2010). There, the court considered the meaning of "beneficiary" under Oregon's trust deed statute as "the person named or otherwise designated in a trust deed as the person for whose benefit the trust deed is given . . . ." ORS 86.705(1). The court then concluded, after examining language of the trust deed that is similar to the language contained in the deed of trust in this case, that MERS was not "in any real sense of the word, particularly as defined in ORS 86.705(1), the beneficiary of the trust deed." Id.

because ORS 86.735 provides if foreclosure by sale is pursued all prior unrecorded assignments must be filed in connection with the foreclosure. The trust deed statutes therefore clearly contemplate that assignments of the beneficial interests in obligations and security rights will occur and may, in fact, not have been recorded prior to foreclosure. The legislature was clearly aware such assignments occurred and nowhere provided that assignments needed to be recorded to maintain rights under the lien statutes except where foreclosure by sale was pursued.

Letter Decision in <u>Parkin Electric, Inc. v. Saftencu</u>, No. LV08040727, dated March 12, 2009 (attached as Exhibit C to the second declaration of David Weibel (#60)).

The problem that defendants run into in this case is an apparent failure to record assignments necessary for the foreclosure. As Judge Breithaupt notes, ORS § 86.735 provides that if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure. ORS § 86.735(1) specifically provides

> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated ...

Defendants claim that only the substitution of Cal-Western as trustee need be recorded under ORS § 86.790 (beneficiary may appoint in writing another qualified trustee). However, the foreclosure statute specifically contemplates **"any** assignments of the trust deed by the trustee **or the beneficiary** and any appointment of a successor trustee" must be recorded. Here, the subsequent lenders/servicers are also beneficiaries as holders of the beneficial interest as the principal of

ORDER - page 6

MERS who acts as the lender's agent under the trust deed. The record here does not demonstrate that all the transfers have been recorded.[2] Accordingly, summary judgment is denied with respect to declaratory relief and breach of contract.

CONCLUSION

For the reasons stated above, the motion for summary judgment filed by defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. (#35) is granted in part and denied part.

DATED this ___19th___ day of October, 2010.

                            Michael R. Hogan
                            United States District Judge

---

[2] Plaintiff asserts several transfers of beneficial rights have occurred including transfer from First Magnus Financial Corp. to Residential Funding Company, LLC on or about March 27, 2007; transfer from Residential Funding Company to RFC Trustee 02 on or about May 4, 2007; and transfer from RFC Trustee 02 to Deutsche Bank National Trust Company on or about May 5, 2008. Defendant fails to demonstrate proper recoding of these and other transfers, if any.